644 S.E.2d 682

**In the Matter of Richard M. CAMPBELL, Jr., Respondent.**

**No. 26311.**

Supreme Court of South Carolina.

Submitted March 27, 2007.

Decided April 23, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Richard M. Campbell, Jr., of Greenville, pro se.

## DEFINITE SUSPENSION

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a definite suspension not to exceed 331 days, retroactive to January 26, 2007, the date respondent ceased the practice of law. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for fifty-nine (59) days, retroactive to January 26, 2007. The facts, as set forth in the Agreement, are as follows.

## FACTS

On March 2, 2006, respondent's membership in the South Carolina Bar was administratively suspended due to non-compliance with his 2005 Continuing Legal Education (CLE) requirements. On April 5, 2006, the Court issued an order suspending respondent from the practice of law due to his failure to correct the CLE requirements for membership in the South Carolina Bar.

Notwithstanding his suspensions, respondent continued to practice law in his solo real estate practice until January 26, 2007, when one of the parties to a real estate transaction refused to go forward with a closing due to the fact that respondent was not in good standing with the Bar. Upon receiving this notice, respondent represents he cancelled all of his scheduled closings, closed his office for further business, and immediately contacted ODC to report what had happened and to seek guidance as to what to do.

Respondent represents that, on April 28, 2006, he submitted a completed CLE compliance report and check in the amount of $320.00 (representing the filing fee, the late filing fee, and the reinstatement fee) payable to the Commission on Continuing Legal Education and Specialization (Commission) to the Commission. The Commission confirms it received the check and completed CLE compliance report and deposited the check in the Commission's bank account. However, the Commission did not acknowledge receipt of the check or the CLE compliance report to respondent. Respondent represents he never received any correspondence via regular or certified mail from the Commission or the Court even though his address had not changed.

Respondent did not petition the Court for reinstatement of his license as required by Rule 419, SCACR.[1]

## LAW

 Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional

---

1. After respondent's suspension, the filing deadline for CLE fees and compliance reports was changed and the timeline for suspensions for failure to file CLE fees and compliance reports was amended. *See* Order dated May 3, 2006.

Conduct, Rule 407, SCACR: Rule 5.5(a) (lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction) and Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct). Respondent further admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully violate a valid order of this Court), and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement and definitely suspend respondent from the practice of law for fifty-nine (59) days, retroactive to January 26, 2007. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.